Battle, J.
Wo deem it unnecessary to consider some of the interesting questions which were ably discussed at the bar. There is a plain ground of equity, upon which, without adverting to any other, the plaintiff’s bill must be dismissed. At the time when the slave Jane was conveyed to the defendant Turrentine, in trust for the other defendants who were creditors, it is certain that there was no bill of sale, or other instrument, by which she was conveyed to the plaintiff. Supposing then, that by mistake, or by the fraud of Schoolfield, the debtor, the name of Charlotte was inserted in the bill of sale to the plaintiff, the defendants cannot be affected by it'. It is not pretended that they were parties to any fraud, and it does not appear that they had any notice of either fraud or mistake. The plaintiff himself was but a creditor, seeking to *256 save liis debt by purchasing the slave, and therefore has no higher claim to the interference of the Court of Equity than the other creditors. The latter fairly and honestly obtained the legal estate, and have a right to retain it. “ Equity never interferes to aid one creditor against another on the ground of mistake.” Knight v. Bunn, 7 Ire. Eq. 77. And even if the debtor intended to defraud the plaintiff, equity will not relieve him at the expense of the defendants who are as innocent' and meritorious as he.
Pee CoraAM. The bill must be dismissed with costs.